UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RONNIE KATTAWAR,

               Plaintiff,                           CIVIL ACTION NO. 2:12-cv-02216

v.

VERSANT SUPPLY CHAIN, INC.
f/k/a KATT WORLDWIDE LOGISTICS, INC.
and KATT WORLDWIDE LOGISTICS, INC.

               Defendants.

---

## ANSWER

---

**COME NOW** Defendants Versant Supply Chain, Inc., f/k/a Katt Worldwide Logistics, Inc. and Katt Worldwide Logistics, Inc. (collectively, "Versant") and for their Answer to Plaintiff's Complaint ("Complaint") state the following:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs of the Complaint, Versant states as follows:

### PARTIES

1.       Upon information and belief, it is admitted that Plaintiff is a citizen of Panola County, Mississippi such that complete diversity of citizenship exists and this Honorable Court has jurisdiction over Plaintiffs.

2.      Admitted.

3.      Admitted.[1]

<u>JURISDICTION AND VENUE</u>

4.      Versant admits that venue is proper in the United States District Court for the

Western District of Tennessee and that this Honorable Court has subject matter jurisdiction over

the claims at issue in this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and as

authorized by 28 U.S.C. §§ 1441 and 1446.  To the extent that the averments in Paragraph 4 of

the Complaint are inconsistent with this admission, Versant denies them.

<u>FACTS</u>

5.      Versant admits that although the Complaint names both "Versant Supply Chain,

Inc., f/k/a Katt Worldwide Logistics, Inc." and "Katt Worldwide Logistics, Inc." as defendants,

the entity "Katt Worldwide Logistics, Inc." has been terminated and now operates as "Versant

Supply Chain, Inc." Thus, Katt Worldwide Logistics, Inc. is not an entity distinct from Versant

Supply Chain, Inc. Versant admits that Versant Supply Chain, Inc. has become a leading

comprehensive supply chain services provider. To the extent that the averments in Paragraph 5

of the Complaint are inconsistent with this admission, Versant denies them.

6.      Admitted.

7.      Versant denies each and very averment contained in Paragraph 7 of the

Complaint.

8.      Versant is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 8 of the Complaint and therefore denies them.

---

[1] The entity "Katt Worldwide Logistics, Inc." has been terminated and now operates as "Versant Supply Chain, Inc."
Thus, despite being named as such in Plaintiff's Complaint, Katt Worldwide Logistics, Inc. is not an entity distinct
from Versant Supply Chain, Inc.

9.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 9 of the Complaint to the extent they are inconsistent with this response.

10.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 10 of the Complaint to the extent they are inconsistent with this response.

11.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 11 of the Complaint to the extent they are inconsistent with this response.

12.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 12 of the Complaint to the extent they are inconsistent with this response.

13.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 13 of the Complaint to the extent they are inconsistent with this response.

14.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 14 of the Complaint to the extent they are inconsistent with this response.

15.      Versant admits Plaintiff was a commissioned sales person paid pursuant to its commission programs as they changed from time to time.  Versant denies the allegations in Paragraph 15 of the Complaint to the extent they are inconsistent with this response.

16.      Admitted.

17.     Versant admits Plaintiff was terminated March 21, 2011, but denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Versant denies each and every averment in Paragraph 18 of the Complaint.

19.     Versant admits that Plaintiff was terminated for cause. Versant denies the remaining averments in Paragraph 19 of the Complaint.

20.     Versant denies each and every averment in Paragraph 20 of the Complaint.

21.     Versant denies each and every averment in Paragraph 21 of the Complaint.

22.     Versant denies each and every averment in Paragraph 22 of the Complaint.

23.     Versant denies Plaintiff is entitled to further commissions and, therefore, admits the allegations in Paragraph 23 of the Complaint.

24.     Versant denies Plaintiff is entitled to further commission payments and, therefore, denies each and every averment in Paragraph 24 of the Complaint.

25.     Versant denies each and every averment in Paragraph 25 of the Complaint.

<u>BREACH OF CONTRACT</u>

26.     Versant denies each and every averment in Paragraph 26 of the Complaint.

27.     Versant denies each and every averment in Paragraph 27 of the Complaint.

28.     Versant denies each and every averment in Paragraph 28 of the Complaint.

29.     Versant denies each and every averment in Paragraph 29 of the Complaint.

30.     Versant denies each and every averment in Paragraph 30 of the Complaint.

31.     Versant denies each and every averment in Paragraph 31 of the Complaint.

32.     The averments in Paragraph 32 of the Complaint constitute legal conclusions that do not require a response from Versant. In the event this Honorable Court deems a response necessary, Versant denies that it breached any duty owed to Plaintiff, that Plaintiff suffered any

damages as a result of the breach that it alleges, and that Plaintiff is entitled to a judgment. To

the extent that the remaining averments in Paragraph 32 of the Complaint are inconsistent with

these denials, Versant denies them as well.

QUANTUM MERUIT RECOVERY

33.     The averments in Paragraph 33 of the Complaint constitute legal conclusions that

do not require a response from Versant. In the event this Honorable Court deems a response

necessary, Versant denies that Plaintiff is entitled to recover under a theory of quantum meruit or

under any other theory against Versant. To the extent that the remaining averments in Paragraph

33 of the Complaint are inconsistent with this denial, Versant denies them as well.

34.     Versant denies each and every averment in Paragraph 34 of the Complaint.

35.     Versant denies each and every averment in Paragraph 35 of the Complaint.

36.     The averments in Paragraph 36 of the Complaint constitute legal conclusions that

do not require a response from Versant. In the event this Honorable Court deems a response

necessary, Versant denies that Plaintiff is entitled to recover any amount whatsoever against

Versant. To the extent that the remaining averments in Paragraph 36 of the Complaint are

inconsistent with this denial, Versant denies them as well.

CONVERSION AND UNCLEAN HANDS

37.     Versant denies each and every averment in Paragraph 37 of the Complaint.

38.     Versant denies each and every averment in Paragraph 38 of the Complaint.

39.     The averments in Paragraph 39 of the Complaint constitute legal conclusions that

do not require a response from Versant. In the event this Honorable Court deems a response

necessary, Versant denies that Plaintiff is entitled to recover any amount whatsoever against

Versant. To the extent that the remaining averments in Paragraph 39 of the Complaint are inconsistent with this denial, Versant denies them as well.

40.     The averments in Paragraph 40 of the Complaint constitute legal conclusions that do not require a response from Versant. In the event this Honorable Court deems a response necessary, Versant denies any failure to pay "commissions due and owing" to Plaintiff, any breach of the implied covenant of good faith and fair dealing, and any guilt under the doctrine of unclean hands. To the extent that the remaining averments in Paragraph 40 of the Complaint are inconsistent with these denials, Versant denies them as well.

DECLARATORY JUDGMENT

41.     The averments in Paragraph 41 of the Complaint constitute legal conclusions that do not require a response from Versant. In the event this Honorable Court deems a response necessary, Versant denies that Plaintiff "procured" any customers, that Plaintiff a owes any duty or obligation to Plaintiff for any commissions, and that a "genuine and real controversy" exists. To the extent that the remaining averments in Paragraph 41 of the Complaint are inconsistent with these denials, Versant denies them as well.

42.     The averments in Paragraph 42 of the Complaint constitute legal conclusions that do not require a response from Versant. In the event this Honorable Court deems a response necessary, Versant denies that Plaintiff is entitled to any relief whatsoever, pursuant to the authorities references in Paragraph 42 or otherwise. To the extent that the remaining averments in Paragraph 42 of the Complaint are inconsistent with this denial, Versant denies them as well.

The unnumbered paragraph beginning with the phrase "WHEREFORE," including subparts "1" through "3," is not an averment and, therefore, does not require a response from Versant. In the event this Honorable Court deems a response necessary, Versant admits only that

Plaintiff purports to demand judgment and certain forms of relief, but Versant denies that there is any legal or factual basis for awarding them. Versant denies any remaining averments contained within this unnumbered "WHEREFORE" clause, including all subparts.

Versant hereby denies all averments contained in the Complaint not specifically addressed. Versant denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

By way of further response, Versant sets forth the following additional defenses:

### THIRD DEFENSE

Plaintiff has suffered no loss, damages, or injuries by reason of any alleged act or omission by Versant, which at all times acted in good faith.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to prevent or mitigate damages, if any.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff's claims are barred by the statute of limitations or repose.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, release, unclean hands, and payment.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent, mistake, mutual mistake, fraud, and acquiescence.

## NINTH DEFENSE

Versant affirmatively denies that any term or provision of any contract between Versant and Plaintiff was breached by Plaintiff as alleged and demands strict proof thereof.

## TENTH DEFENSE

Although Versant denies any and all liability, Versant avers that it is entitled to recoupment from Plaintiff for commissions paid to but not earned by Plaintiff prior to the termination of Plaintiff's employment.

## ELEVENTH DEFENSE

The Complaint fails, in whole or in part, to give Versant reasonable notice of facts sufficient to evaluate all of its defenses. Versant hereby gives notice that it intends to rely upon such other affirmative defenses and defenses as may become available or apparent during this case and reserves the right to amend this Answer with such additional matters as may be determined in discovery.

WHEREFORE, having fully answered, Versant prays for the following relief:

(1) that this case be dismissed with prejudice;

(2) an award of Rule 54 costs; and

(3) all such other relief to which Versant may be entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED, this the 23rd day of March 2012.

> **BUTLER, SNOW, O'MARA, STEVENS &
> CANNADA, PLLC**

> By:   /s/ Gadson William Perry
>       **Todd P. Photopulos** (TN Bar No. 018846)
>       **Gadson William Perry** (TN Bar No. 030539)
>       Crescent Center
>       6075 Poplar Avenue, Suite 500
>       Memphis, TN  38119
>       Telephone:  (901) 680-7200
>       Facsimile:   (901) 680-7201
>       E-Mail:  todd.photopulos@butlersnow.com
>                will.perry@butlersnow.com

> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2012, I electronically filed the foregoing document with the Clerk of Court using the ECF system, and I further certify that I served a true and correct copy of the foregoing document via United States mail, first-class postage fully prepaid, on the following:

Minton P. Mayer, Esq.
545 South Main St., Suite 111
Memphis, TN 38103

Ted S. Angelakis, Esq.
530 Oak Court Drive, Suite 345
Memphis, TN 38117

*Attorneys for Plaintiff*

                                     /s/ Gadson William Perry